*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 17-CM-813

KENNETH EUGENE BEACHUM, APPELLANT,

v.

UNITED STATES, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CMD-566-17)

(Hon. Patricia A. Broderick, Trial Judge)

(Argued May 17, 2018            Decided July 31, 2018[*])

*Vincent A. Jankoski* for appellant.

*Steven B. Snyder*, Assistant United States Attorney, with whom *Jessie K. Liu*, United States Attorney, and *Elizabeth Trosman*, *Nicholas P. Coleman*, and *Jennifer Loeb*, Assistant United States Attorneys, were on the brief, for appellee.

Before FISHER, BECKWITH, and MCLEESE, *Associate Judges*.

PER CURIAM: Appellant Kenneth Beachum challenges the constitutionality of his conviction for attempted stalking. We affirm.

---

[*] The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. It is now being published upon the court's grant of motions to publish by Legal Aid Society, *et al.*, and by appellee.

**I.**

The undisputed evidence is as follows. The complainant, Jeanine Telfer, first encountered Mr. Beachum during the spring or summer of 2016, when Mr. Beachum was visiting one of Ms. Telfer's neighbors. Thereafter, Mr. Beachum regularly appeared on Ms. Telfer's block and often tried to engage her in conversation. Ms. Telfer rebuffed Mr. Beachum each time he tried to speak with her. Mr. Beachum's attempts made Ms. Telfer feel uncomfortable. For example, around July 2016, Mr. Beachum tried to get Ms. Telfer to come over and talk to him as he slid his hand down his pants.

Ms. Telfer's neighbor moved away in November or December 2016, but Mr. Beachum continued to appear on Ms. Telfer's block almost daily. Mr. Beachum continued to try and engage with Ms. Telfer, at one point offering her $50. On a separate occasion, one of Ms. Telfer's other neighbors told her that two men were standing over the open trunk of her car, and when Ms. Telfer went out to check on the car she saw Mr. Beachum in his van. Ms. Telfer had considered calling the police on at least two occasions, but Mr. Beachum left before she was able to make a call.

Mr. Beachum was usually cordial, but his persistence made Ms. Telfer uncomfortable.

On January 10, 2017, Mr. Beachum approached Ms. Telfer as she was arriving home and told her that he wanted to speak with her. Ms. Telfer tried to ignore him, but he persisted as she tried to unlock the door to her home. Mr. Beachum was "extremely more aggressive" than in previous encounters, so Ms. Telfer called the police once she entered her home. As Ms. Telfer waited for the police to arrive, Mr. Beachum went to his van and wrote something on a piece of paper. He then approached the house with the paper and started ringing the doorbell and banging on the door for about a minute, scaring Ms. Telfer. By the time police arrived Mr. Beachum had left the vicinity, but Ms. Telfer found a note in her mailbox that stated: "It's not about being your friend, it's about being your best friend. Can you? Hi." The note and Mr. Beachum's escalating conduct made Ms. Telfer feel uncomfortable and afraid.

Mr. Beachum was charged with attempted stalking under D.C. Code §§ 22-1803 and -3133 (a)(3) (2012 Repl.), based upon his conduct toward Ms. Telfer between December 24, 2016, and January 10, 2017. Section 22-3133 (a)(3) states:

> It is unlawful for a person to purposefully engage in a course of conduct directed at a specific individual . . . [t]hat the person should have known would cause a reasonable person in the individual's circumstances to: (A) Fear for his or her safety or the safety of another person; (B) Feel seriously alarmed, disturbed, or frightened; or (C) Suffer emotional distress.

The trial court found Mr. Beachum guilty of attempted stalking.

## II.

Mr. Beachum argues that § 22-3133 (a)(3) is unconstitutional, because it permits conviction based on a defendant's negligent failure to realize that the defendant's conduct would cause a reasonable person to feel fear, serious alarm, or emotional distress. The parties dispute whether Mr. Beachum raised this challenge in the trial court and whether our review should be for plain error. We need not resolve that dispute, however, because we uphold the constitutionality of § 22-3133 (a)(3)'s negligence standard.

Section 22-3133 (a)(3) requires that the defendant engage in purposeful conduct directed at a particular individual, but it permits conviction even if the defendant neither knew nor intended that the defendant's conduct would engender

fear, serious alarm, or emotional distress.  Contrary to Mr. Beachum's contention, however, the Constitution does not forbid crimes that require only a showing of negligence with respect to an element of the crime.  As this court has explained,

> [a] great weight of case law rejects the notion that there is a constitutional bar to strict liability crimes or a prohibition against imprisonment for conviction on a strict liability basis.  Strict liability criminal offenses—including felonies—are not unprecedented in the District of Columbia; the Council has enacted several such statutes in the past.  Moreover, this court has upheld the Council's constitutional authority to do so. . . . [I]t is now too settled to doubt that the legislature may dispense with intent as an element of criminal liability when the regulation is in the exercise of the police power for the benefit of the people.
>
> These precedents, moreover, are consistent with the Supreme Court's acknowledgment that conduct alone without regard to the intent of the doer is often sufficient to constitute a crime because lawmakers have wide latitude to declare an offense and to exclude elements of knowledge and diligence from its definition.  This latitude is justified in the interest of the larger good[,] which puts the burden of acting at hazard upon a person otherwise innocent but standing in responsible relation to a public danger.

*McNeely v. United States*, 874 A.2d 371, 384-86 (D.C. 2005) (brackets, ellipses, footnotes, citations, and internal quotation marks omitted) (upholding constitutionality of statute providing for felony conviction if "dangerous dog" causes death or serious bodily injury to human or domestic animal).

In support of his contention that § 22-3133 (a)(3) is unconstitutional, Mr. Beachum relies upon *Elonis v. United States*, 135 S. Ct. 2001 (2015), and *Carrell v. United States*, 165 A.3d 314 (D.C. 2017) (en banc). We do not view those decisions as supporting Mr. Beachum's contention. Both cases decided a question of statutory interpretation arising under a criminal threats statute: What mental state must a defendant have with respect to the threatening nature of the communication at issue? *Elonis*, 135 S. Ct. at 2004; *Carrell*, 165 A.3d at 319. In both cases, the threats statute was silent on that question, and in both cases the court held that a showing of mere negligence was not sufficient. *Elonis*, 135 S. Ct. at 2008-12; *Carrell*, 165 A.3d at 319-20. Each court made clear, however, that it was resolving a question of statutory interpretation under a statute that was silent as to the requisite mental state, and that the court was not declaring a flat constitutional prohibition. *Elonis*, 135 S. Ct. at 2012 ("Although there are exceptions, the general rule is that a guilty mind is a necessary element in the indictment and proof of every crime. We therefore generally interpret criminal statutes to include broadly applicable scienter requirements, even where the statute by its terms does not contain them.") (brackets, citation, and internal quotation marks omitted); *Carrell*, 165 A.3d at 320 ("[W]e require a clear statement from the legislature before we will conclude that a defendant may be found guilty of a crime without regard to his subjective state of

mind."). In contrast, § 22-3133 (a)(3) is explicit about what showing is required: that the defendant "should have known" that the defendant's conduct "would cause a reasonable person in the individual's circumstances" to suffer fear, serious alarm, or emotional distress. *Elonis* and *Carrell* are entirely consistent with that requirement, and Mr. Beachum has cited no authority from any court supporting a conclusion that § 22-3133 (a)(3) is unconstitutional.

Mr. Beachum also argues that § 22-3133 (a)(3) is unconstitutional because it does not give adequate notice as to what it actually prohibits. We disagree. "[I]gnorance of the law" generally does not excuse a person from criminal liability, absent the "unusual circumstance[]" in which the person "had no reason to believe that the act for which he was convicted was a crime, or even that it was wrongful." *Conley v. United States*, 79 A.3d 270, 281 (D.C. 2013) (internal quotation marks omitted). By its terms, § 22-3133 (a)(3) does not permit conviction where a person has no reason to believe his conduct constitutes a crime, because it requires a showing that the defendant should have known that the course of conduct at issue would engender fear, serious alarm, or emotional distress.

Finally, Mr. Beachum argues that diverse cultural norms make it impossible to know what conduct might engender fear, serious alarm, or emotional distress in a

reasonable person. Whatever the merits of that argument might be in different circumstances, we do not find it persuasive in the present case, in which Mr. Beachum repeatedly approached Ms. Telfer despite her repeated efforts to rebuff him, and in which Mr. Beachum ultimately escalated his conduct to the point of ringing Ms. Telfer's doorbell and banging on her door for about a minute.

For the foregoing reasons, the judgment of the Superior Court is hereby

*Affirmed.*